## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**AARON SMITH,**                                          **CASE NO.:**

     **Plaintiff,**

**v.**

**FRANK MCKEITHEN, in his
capacity as SHERIFF, BAY COUNTY,
FLORIDA, and RUDOLF H. CINTRON,
individually,**

     **Defendants.**

_____/

## COMPLAINT

Plaintiff, **AARON SMITH**, sues Defendants, **FRANK MCKEITHEN, in his official capacity as SHERIFF, BAY COUNTY, FLORIDA,** and **RUDOLF H. CITRON, individually,** and alleges:

## JURISDICTION

1.     This is an action involving the violation of Plaintiff's federal civil rights and contains state causes of action pursuant to this Court's concurrent and pendant jurisdiction. The aggregate amount of damages claimed by Plaintiff against Defendants is in excess of $75,000.00, the jurisdictional amount required for venue in this Court.

2.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 in that this is a civil action arising under the Constitution of the United States.

3.     Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1343(a)(3) in that this action seeks to redress the deprivation, under color of state law, of rights secured to the Plaintiff by the Fourth Amendment to the Constitution of the United States of America.

4.     The Plaintiff's claims for relief are predicated upon 42 U.S.C. §1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to the Plaintiff by the Constitution and laws of the United States, and by 42 U.S.C. §1988 which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. §1983.

5.     Written notices of intent to initiate litigation on Plaintiff's state law claims asserted herein were submitted to the Defendant MCKEITHEN and to the Florida Department of Financial Services on or about October 14, 2008 pursuant to §768.28(6), Florida Statutes.  No response was received by Plaintiff; therefore they are deemed denied by operation of law.

## **PARTIES**

6.     Plaintiff, AARON SMITH (hereinafter "PLAINTIFF"), at all times pertinent to this action, has been a resident of Bay County, Florida.  The incidents alleged herein occurred in Bay County and Plaintiff is *sui juris*.

7.     Defendant, FRANK MCKEITHEN, in his official capacity as SHERIFF, BAY COUNTY, FLORIDA (hereinafter "MCKEITHEN"), at all times pertinent to this

2

action, was the Sheriff of Bay County and was the top constitutional officer of that county. He is sued in his official capacity.

8.      Defendant, RUDOLF H. CITRON, individually, (hereinafter "CITRON"), at all times pertinent hereto, was employed by MCKEITHEN as a deputy.  He is sued in his individual capacity.

## NATURE  OF THE ACTION

9.      On June 10, 2009, Plaintiff was arrested by Bay County Sheriff's Office deputy CITRON and charged with violation of a protection order, and he was jailed overnight.  The basis for the arrest - that Plaintiff was violating an injunction or protection order in place at the time of Mr. Smith's arrest is and was false.  No such order was in place. No factual basis existed for Plaintiff's arrest.

10.      Defendants arrested Plaintiff for violation of a protection order and hauled Plaintiff to the Bay County Jail, where Defendant held Plaintiff overnight.

11.      On June 12, 2009, the State Attorney's Office in Bay County announced a No Information, dropping all charges, and stating in writing that the "[criminal] Defendant should have never been arrested or charged. There was no injunction in place."

## COUNT I - NEGLIGENCE[1]

12.      Paragraphs 1-11 are hereby realleged and incorporated herein by reference.

---

[1]      The actions of Defendant MCKEITHEN that are complained of herein are "operational" functions, i.e., functions that are not necessary to or inherent in policy or planning, that merely reflect a secondary decision as to how those policies or plans will be implemented.

13.    This is an action against Defendant MCKEITHEN for negligence. Count I is pled in the alternative.

14.    Defendant MCKEITHEN had a duty to Plaintiff because he was in the foreseeable zone of risk to be harmed by actions of this Defendant.

15.    This duty arises from the fact that Plaintiff was detained by Defendant MCKEITHEN and taken into custody.  This duty arose because of the special relationship between Defendant MCKEITHEN and Plaintiff and/or because the injuries were within a foreseeable zone of risk created when Plaintiff was stopped and detained by employees and/or agents of Defendant MCKEITHEN.  Once Plaintiff was restrained of his liberty, he were in the foreseeable zone of risk and a duty of care arose.  Alternatively, because of the nature of the restraint and the subsequent custodial relationship between Plaintiff and the Defendant MCKEITHEN, this Defendant had a special relationship with Plaintiff.

16.    Defendant MCKEITHEN breached his duty to properly supervise his employees including but not limited to the individually named Defendant and/or to ensure the safety of the Plaintiff and/or to properly investigate the circumstances of criminal activity so that the wrong persons are not arrested for criminal activity and that threats were not made against persons like Plaintiff.

17.    As a direct and proximate result of the above unlawful acts and omissions, Plaintiff sustained economic damages, including lost income, sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because

of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

## COUNT II - ASSAULT AGAINST CINTRON

18.    Paragraphs 1-11 are hereby realleged and incorporated herein by reference.

19.    This is an action against Defendant CINTRON in his individual capacity. Count II is pled in the alternative.  For the purpose of this Count alone, CINTRON was acting outside the course and scope of his duties and employment with MCKEITHEN.

20.    Defendant CINTRON made an intentional, unlawful offer of corporal injury to Plaintiff by force and/or force unlawfully directed toward Plaintiff's persons, as described, in part, above.  Defendant's actions on the highway created a fear of imminent peril within Plaintiff.

21.    Defendant, exhibiting threatening gestures and language, had the apparent present ability to effectuate the attempted action.  This Defendant acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights or safety.

22.     As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future.  Defendant is jointly and severally liable to Plaintiff.  Plaintiff is entitled to punitive damages.

## COUNT III - ASSAULT AGAINST MCKEITHEN

23.     Paragraphs 1-11 are hereby realleged and incorporated herein by reference.

24.     This is an action against Defendant MCKEITHEN in his official capacity. Count III is pled in the alternative.  For the purpose of this Count alone, CINTRON was acting inside the course and scope of his duties and employment with MCKEITHEN.

25.     Defendant CINTRON made an intentional offer of corporal injury to Plaintiff by force and/or force directed toward Plaintiff's persons, as described, in part, above. CINTRON'S actions created a fear of imminent peril within Plaintiff.

26.     Defendant, exhibiting threatening gestures and language, had the apparent present ability to effectuate the attempted action.  The actions by CINTRON were committed as an agent of Defendant MCKEITHEN and were committed within the course and scope of his employment with Defendant MCKEITHEN.

27.      As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future.  Defendants are jointly and severally liable to Plaintiff.

## COUNT IV- FALSE ARREST/IMPRISONMENT AGAINST MCKEITHEN

28.     Paragraphs 1-11 are hereby realleged and incorporated herein by reference.

6

29.    This is an action against Defendant MCKEITHEN for false imprisonment/false arrest. Count IV is pled in the alternative.

30.    Plaintiff is entitled to relief against Defendant MCKEITHEN in that on January 10, 2009, MCKEITHEN, through his employees and agents, intentionally and unlawfully arrested and restrained Plaintiff against his will, deprived Plaintiff of his liberty without any reasonable cause, and maintained such complete restraint and deprivation for a period of time.  The actions by the employees and agents of Defendant MCKEITHEN were committed within the course and scope of their employment with Defendant MCKEITHEN.

31.    This unlawful restraint of the Plaintiff's liberty was also accomplished by Defendant's agents confining Plaintiff to an area in which the Plaintiff did not wish to be confined and by compelling the Plaintiff to go where he did not wish to go.  Defendant restrained Plaintiff without any justification and in the absence of probable cause.

32.    At all times material to this action, and at all times during which the Plaintiff was being unlawfully restrained, the Plaintiff were restrained against his will, and without consent, so that the Plaintiff was not free to leave his places of confinement.

33.    As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future.  Defendants are jointly and severally liable to Plaintiff.

## COUNT V- FALSE ARREST/IMPRISONMENT AGAINST CINTRON

34.     Paragraphs 1-11 are hereby realleged and incorporated herein by reference.

35.     This is an action against Defendant CINTRON in his individual capacity. Count V is pled in the alternative.  For the purpose of this Count alone, CINTRON was acting outside the course and scope of his duties and employment with MCKEITHEN.

36.     The Plaintiffs are entitled to relief against Defendant CINTRON in that this Defendant intentionally and unlawfully arrested and restrained Plaintiff against his will; deprived Plaintiff of his liberty without any reasonable cause or color of authority; and maintained such complete restraint and deprivation for a period of time.

37.     This unlawful restraint of the Plaintiff's liberty was also accomplished by Defendant confining Plaintiff to an area in which the Plaintiff did not wish to be confined and by compelling the Plaintiff to go where the Plaintiff did not wish to go.  Defendant restrained Plaintiff without any justification and in the absence of probable cause.

38.     At all times material to this action, and at all times during which the Plaintiff was being unlawfully restrained, the Plaintiff was restrained against his will, and without consent, so that the Plaintiff was not free to leave his place of confinement. This Defendant acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights or safety.

39.     As a direct and proximate cause of these Defendant's actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost

employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future.  Defendants are jointly and severally liable.  Plaintiff is entitled to punitive damages against Defendant CINTRON.

### COUNT VI - MALICIOUS PROSECUTION AGAINST CINTRON

40.     Paragraphs 1-11 are hereby realleged and incorporated herein by reference.

41.     This is an action against Defendant CINTRON for malicious prosecution. Count VI is pled in the alternative.  For the purpose of this Count alone, CINTRON was acting outside the course and scope of his employment with MCKEITHEN.

42.     On June 10, 2009, Defendant CINTRON caused the commencement and/or continuation of a criminal proceeding against Plaintiff.  The proceeding had a bona fide termination in Plaintiff's favor in that the charges against Plaintiff were dropped.

43.     There was no probable cause or reasonable basis in fact or in law for CINTRON to cause the commencement of the criminal proceedings against Plaintiff.

44.     Defendant CINTRON acted with malice in initiating the criminal proceedings against Plaintiff and in making their arrests and this Defendant knew that his actions against Plaintiff was not supported by even arguable probable cause.

45.     As a direct and proximate cause of this Defendant's actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.

9

These damages have occurred at present, in the past and will most likely occur in the future. Defendants are further jointly and severally liable to the Plaintiff for the unlawful conduct alleged herein. Plaintiff is entitled to punitive damages against Defendant Smith.

### COUNT VII- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST CINTRON

46.     Paragraphs 1-11 are realleged and are incorporated herein by reference.

47.     This Count is pled in the alternative.  For the purposes of this Count alone, Defendant CINTRON was acting outside of the course and scope of his employment with Defendant MCKEITHEN.

48.     This is an action against Defendant for the conduct described herein, including the unjustified, reckless treatment of Plaintiff by way of Defendant threatening his life in the most grievous of ways.  This conduct by Defendant constitutes extreme and outrageous conduct that would shock the conscience of a reasonable person and goes beyond all bounds of decency.  Defendant CINTRON's conduct was the proximate cause of Plaintiff's emotional distress and Plaintiff's emotional distress was severe. Defendant's conduct  constitutes the actionable tort of intentional infliction of emotional distress.

49.     Defendant intentionally harmed Plaintiff by threatening grave bodily harm and falsely accusing him of a very serious crime.  These actions of Defendant were made in bad faith and with a malicious purpose and with a willful disregard for Plaintiff's rights.

10

50.     As a direct and proximate result of the above unlawful acts and omissions, Plaintiff was injured and sustained economic damages, including lost income, sustained severe emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendant's actions, and is therefore entitled to compensatory damages pursuant to the above provisions.  Plaintiff's damages are continuous; they have occurred in the past, are occurring in the present, and will continue to occur in the future.  Plaintiff is entitled to punitive damages against Defendant CINTRON.

## COUNT VIII - FOURTH AMENDMENT VIOLATION

51.     Plaintiffs re-allege paragraphs 1-11 above and incorporates those allegations in this Count.  This Count is pled in the alternative.

52.     The Defendants arrested Plaintiff as described more fully above, without even a modicum of probable cause.  There was no arguable probable cause, as set forth above, to arrest Plaintiff.

53.     The Defendants operated to violate Plaintiff's  right not to be falsely arrested under the Fourth Amendment to the United States Constitution.  These violations were of the type and character as to which any reasonable person would be aware.

54.     Defendants further operated to violate Plaintiff's civil rights as protected by The Civil Rights Act, 42 U.S.C. §1983.  This Count is pled in the alternative and for the purposes of this count alone, the individually named Defendant was acting outside the course and scope of his employment with Defendant MCKEITHEN.

11

55.     All Defendants are persons under applicable law.  The Defendants are liable, both jointly and severally, to Plaintiff for the Defendants' conduct, individually and in concert, to violate the civil rights of Plaintiff under the Fourth Amendment to the United States Constitution.

56.     Defendant CINTRON acted in bad faith and with malicious purpose and in a manner exhibiting wanton and willful disregard of human rights, safety, and property. In fact, he terrorized Plaintiff while effectuating his warrantless, illegal arrest and thereafter caused Plaintiff to remain wrongfully imprisoned.

57.     The individual Defendant misused his power, possessed by virtue of state law and made possible only because he was clothed with the authority of state law. The violation of Plaintiff's rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. §1983.

58.     The foregoing actions of Defendants were willful, wanton and in reckless disregard of the Plaintiff's rights, and were taken without any lawful justification and/or in the absence of probable cause.  Defendants knew or should have known that there was no probable cause to arrest Plaintiff given the circumstances present and the clearly established law on the proof needed to establish "arguable probable cause."

59.     Based upon the facts presented to Defendants and the applicable law, no reasonable law enforcement officer could have concluded that there existed any probable cause to arrest Plaintiff.  The law was well settled and clearly established that the actions

of these Defendants' constituted the false arrest under the Fourth Amendment to the United States Constitution at the time the actions by these Defendants were committed.

60.     The actions or inactions of these Defendants as set forth in part above constituted a deliberate indifference or reckless disregard for the safety of the Plaintiff when they knew of and disregarded an risk to Plaintiff's health and safety.

61.     Defendants were acting under color of state law at all times pertinent hereto.  The false arrest of Plaintiff without probable cause violated the Fourth Amendment.  The individually named Defendants to which this claim applies misused their power, possessed by virtue of state law and made possible only because these Defendants were clothed with the authority of state law. The violation of Plaintiff's rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. § 1983.

62.     Defendant Hobbs, in his official capacity, violated Plaintiff's Fourth Amendment rights by failing to implement policies to prevent the harm that was caused to Plaintiff and for training his employees and agents in the proper identification of persons who were to be arrested for crimes.  These failures were a moving force behind the injuries Plaintiff sustained.  Defendant MCKEITHEN was a final policy maker over the Bay County Sheriff's Office and was aware of the need to train his officers as stated above but failed to do so.  The *de facto* policy of Defendant in failing to properly train and/or to allow officers who maltreated Plaintiffs was adopted and ratified by MCKEITHEN and was done with deliberate indifference to the consequences of such a

13

policy.  Further, MCKEITHEN, after learning of the damage and harm to Plaintiff, failed

to take action against Defendant CINTRON for inflicting harm on Plaintiff and, as such,

ratified their actions. Defendant ,MCKEITHEN was also the final policymaker for his

office as Sheriff.

63.    Defendant Sheriff also, after notice of the constitutional violations alleged

herein, officially sanctioned these actions and refused to discipline Defendant CINTRON

which established a policy, by a final policy-maker, that directly or indirectly resulted in

the violation of Plaintiff's constitutional rights.

64.    Defendant MCKEITHEN is an elected county official with final policy-

making authority for Bay County, Florida.  He is responsible for hiring, training and

supervising the correctional officers who work under him and, when necessary, for

investigating alleged wrongdoing by those employees.  At all times referred to herein,

Sheriff MCKEITHEN and his deputies acted under color of state law.

65.    Defendants had a duty to protect and avoid infringement of Plaintiff's

constitutional rights pursuant to federal law.  The Defendants breached those duties,

proximately causing injury to Plaintiff.  The acts and omissions of the Defendants

referred to herein were undertaken pursuant to unconstitutional acts of Defendant

CINTRON and other employees of Defendant MCKEITHEN, ratified by Defendant

MCKEITHEN.

66.    Defendant MCKEITHEN also failed to implement adequate hiring,

training, staffing and supervisory procedures to properly identify suspects of crimes and

14

to identify deputies who conduct lackluster investigations into serious crimes prior to making arrests, the direct result of which Plaintiff was falsely arrested and imprisoned.

67.     Defendant MCKEITHEN is an elected county official with final policy-making authority for Bay County, Florida.  He is responsible for hiring, training, and supervising the law enforcement officers who work under him and, when necessary, for investigating alleged wrongdoing by his employees and disciplining those employees.  At all times referred to herein, the Defendant MCKEITHEN acted under color of state law and failed to train, supervise, investigate and discipline the individual Defendant as alleged herein.  Defendant MCKEITHEN's failure to train, supervise, investigate and discipline the individual Defendant constitutes either an improper policy or the absence of a policy of the Defendant MCKEITHEN which resulted in the deliberate indifference to the constitutional rights of the Plaintiff.

68.     As a direct and proximate cause of Defendants' actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future.  Defendants are further jointly and severally liable to the Plaintiff for the unlawful conduct alleged herein.

69.     Based on the willful and malicious conduct of the individual Defendant, as is set out herein, Plaintiff is entitled to a substantial award of punitive damages against Defendant sued in his individual capacities.

70.     Plaintiff has been forced to retain counsel to represent him to vindicate his rights. Pursuant to the provisions of 42 U.S.C. §1988, Plaintiff is entitled to an award of reasonable attorneys fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A.     That process issue and this Court take jurisdiction over this case;

B.     Judgment against the Defendants and for the Plaintiff awarding damages against Defendants and punitive damages against Defendant CINTRON for the violations of law enumerated herein;

C.     Prejudgment interest on monetary recovery obtained pursuant to law; and

D.     Such further relief as is equitable and just.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

DATED this 8th day of July, 2010.

16

Respectfully submitted,


/s/  Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A.  MATTOX, P.A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile:  (850) 383-4801

ATTORNEYS FOR PLAINTIFF